(Surrogate's Court, Westchester County.  November, 1894.)

1. WILLS—CHARGING PERSONALTY WITH TAXES ON REALTY.
    A direction in a will that the insurance and repairs should be paid out of the rents of the realty, saying nothing of taxes, does not show an intention that the taxes on the realty should be charged on the personal estate.

2. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—APPORTIONING COSTS.
    Where testatrix separated her estate into two parts, giving the personalty to one class of persons and the realty to another, one executor having sole charge of the personalty and the other of the realty, and they rendered separate accounts, each class must bear the expenses of accounting in regard to the fund in which they are interested.

3. SAME—COMMISSIONS.

Where realty and personalty were given separately to two classes of persons, and one of the executors administers each kind of property, and they render separate accounts, the commissions of each will be allowed on the fund which he represents.

Judicial settlement of the accounts of John J. S. Mansfield and John I. Storm, executors of the will of Elizabeth F. Storm, deceased.

For decision on petition to compel payment of legacies, see 28 N. Y. Supp. 394.

M. G. Hart, for executor John I. Storm.

Remsen & Parsons, for executor John J. S. Mansfield.

COFFIN, S. The executors have filed separate accounts, it being alleged that Mr. Storm had sole charge of the real estate and Mr. Mansfield of the personal. The debts, etc., were directed to be paid out of the personal estate, and, if the taxes paid by Mansfield were fixed at the death of the testatrix, then they were a debt the payment of which was devolved upon the personal estate by law. The will was admitted to probate in May, 1892, and these taxes were paid in June following, from which it may be fairly inferred that they were due at the testatrix's death. In another phase of this matter before me it was intimated that, although there was an equitable conversion of the real estate into legal assets, no part of the proceeds could be applied to the payment of debts, so long as the personalty, of which the testatrix died possessed, was sufficient for that purpose, and it is now so held. It is claimed that the taxes on the real estate, accruing since the death of the testatrix, should also be deemed a charge against the personal estate. The claim is urged mainly upon the ground that the testatrix directed that the insurance and repairs were to be paid out of the rents of the realty, saying nothing about the taxes, and that, therefore, she intended that they should be paid out of the personalty. It may have been a mere omission or she might have anticipated a sale before the accruing of any taxes. Suppose she had, instead, omitted the word "repairs," or have omitted also "insurance and repairs," could it be justly claimed that all these items should be paid by persons who had no interest in real estate whatever? There was no period fixed when the realty should be sold, and it may have remained unconverted for years to come, and, if the personalty were liable for taxes to the end, then there could have been no accounting and final distribution of it until such sale. It is clearly equitable that the taxes should be charged against the proceeds of sale of the realty; and it seems equally clear that the expenses of such sale should also be so charged. As the testatrix separated her estate into two parts, bequeathing her personality to one class of persons, and disposing of her realty to another class, and as one executor has solely administered the former, and the other the latter, and as they render separate accounts of each respectively, each class shall bear the expenses of the accounting in regard to the fund in which it is interested, and the executors shall have commissions on the fund each represents. Decreed accordingly.